## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TACO METALS, LLC,

      Plaintiff,

v.                                                          Case No. 3:21-cv-1156-TJC-LLL

GEM PRODUCTS, INC.,

      Defendant.

_____

## **O R D E R**

      This patent infringement case is before the Court on a second round of motions challenging the pleadings. The Court previously granted Plaintiff Taco Metals, LLC's ("Taco") Motion to Dismiss Defendant GEM Products, Inc.'s ("GEM") Counterclaim and allowed GEM to replead. (See Doc. 46). Since, Taco filed an Amended Complaint (Doc. 49), GEM filed an Answer and Amended Counterclaim (Doc. 53), and Taco filed a limited Answer and its own Counterclaim in reply (Docs. 54). This round of motions then ensued. Taco moves to dismiss GEM's Amended Counterclaim (Doc. 55) and GEM moves to strike and dismiss Taco's reply Counterclaim (Doc. 60). Both parties responded. (Docs. 59, 66).

## I.   TACO'S MOTION TO DISMISS

Taco's second Motion to Dismiss challenges only GEM's Count III for Inequitable Conduct. (Doc. 55 at 1). Taco also moves to strike GEM's related affirmative defense. Id. To state a claim for inequitable conduct, a party must allege that: "(1) an individual associated with the filing and prosecution of a patent application made an affirmative misrepresentation of a material fact, failed to disclose material information, or submitted false material information; and (2) the individual did so with a specific intent to deceive the PTO." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1327 n.3 (Fed. Cir. 2009) (citing Star Sci., Inc. v. R. J. Reynolds Tobacco Co., 537 F.3d 1357, 1365 (Fed. Cir. 2008)). An inequitable conduct claim also must be pled with particularity under Federal Rule of Civil Procedure 9(b). Id. at 1326. But "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). Courts apply this standard by looking at whether the pleading "identif[ies] the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." Exergen Corp., 575 F.3d at 1328.

GEM's Amended Counterclaim and seventh affirmative defense allege that a specific individual who was associated with the prosecution of Taco's '197

Patent[1] Application, Ray Rosher, "intentionally omitted" information about his business relationship with Taco "in an attempt to deceive the USPTO" so it would rely on his opinions about the patentability of certain claims in the '197 Patent application that the Examiner previously determined were unpatentable. (Doc. 53 at 13–24, ¶¶ 35–93). GEM further alleges that after Taco submitted Rosher's declaration to the USPTO, the Examiner changed his decision on the patentability of two claims in the application, on which Rosher had opined. Id. ¶ 88. GEM pleads Taco prevailed on those claims because the "Rosher Declaration persuaded the USPTO Examiner" about patentability. Id.

Across 66 paragraphs in GEM's Amended Counterclaim and nine pages in GEM's seventh affirmative defense, GEM sufficiently pleads the "who, what, when, where, and how" of Taco and Rosher's purported omission to the USPTO. Id. at 13–24, ¶¶ 35–93; Exergen Corp., 575 F.3d at 1328. GEM identifies Rosher as the proponent of the omission and attaches his declaration submitted to the USPTO by Taco during the application process. (See Doc. 53 at 17–19, ¶ 57; Doc. 53-5). GEM alleges Rosher purposefully omitted information about his business relationship with Taco to deceive the Examiner into assessing his opinions on Taco's claims as from a disinterested third party. (Doc. 53 at 21–24, ¶¶ 91–93). Further, GEM particularly pleads the timeline of events before Taco

---

[1] The Court uses the abbreviated name of the patent, which in full is United States Patent No. 11,116,197. (Doc. 49 ¶ 7).

submitted Rosher's declaration to indicate Rosher's opinions were material to the Examiner's determinations. See id. at 13–18, ¶¶ 39–64. The Court finds that GEM pleads the elements for inequitable conduct with particularity. Whether GEM can prove inequitable conduct is a matter for another time.

## II.   GEM'S MOTION TO STRIKE AND DISMISS

GEM moves to strike and dismiss Taco's two-count Counterclaim filed in reply to GEM's Amended Counterclaim. (See Docs. 54, 60). In its reply Counterclaim, Taco brings two declaratory judgment claims related to GEM's '614 Design Patent.[2] (Doc. 54 ¶¶ 18–54). The first claim seeks a declaration of invalidity and unenforceability of the patent for lack of ornamentality. Id. ¶¶ 18–30. The second claim seeks the same declaration because of GEM's alleged inequitable conduct. Id. ¶¶ 31–54. Other than Taco's reply Counterclaim, no other claim directly involves the '614 Design Patent.[3]

GEM argues three grounds for dismissing Taco's reply Counterclaim: (1) it presents no case or controversy; (2) it is procedurally improper; and (3) it fails to state a claim. (See Doc. 60 at 2–4). The Court considers GEM's second

---

[2] The Court uses the abbreviated name of the patent, which in full is U.S. Patent No. D714,614. (Doc. 54 ¶ 7).

[3] In Count IV for Trade Dress Infringement in GEM's Amended Counterclaim, GEM references the '614 Patent as "further evidence of the non-functionality" of the trade dress, but otherwise does not assert the '614 Design Patent. (Doc. 53 ¶ 104).

4

argument first. The "procedural proprietary of counterclaims in reply is tangled, to put it mildly" as some courts have permitted plaintiffs to file a reply counterclaim, while others have not. Healthe, Inc. v. High Energy Ozone LLC, No. 6:20-cv-2233-RBD-EJK, 2021 WL 2939924, at *1 (M.D. Fla. June 17, 2021) (collecting cases) (internal quotation marks omitted); see also In re Pearl Resources LLC, 643 B.R. 436, 448–49 (Bankr. S.D. Tex. 2022) (describing five approaches courts have taken towards counterclaims in reply). Courts generally "agree the Federal Rules of Civil Procedure do not expressly permit counterclaims in reply to counterclaims," and some courts interpret Rule 7(a) as prohibiting them because the rule does not list reply counterclaims as acceptable pleadings. Healthe, Inc., 2021 WL 2939924, at *1.

Although no controlling law prohibits Taco's Counterclaim, the Court agrees that the pleadings must stop somewhere. "The Counterclaim is the logical terminus of authorized pleadings," and here, they end with GEM's Amended Counterclaim. Id. at *2. To avoid voluminous, confusing, and potentially indefinite pleadings, the Court finds Taco's reply Counterclaim, (Doc. 54), procedurally improper and grants GEM's Motion to Strike and Dismiss. (Doc. 60).

But the analysis does not end there. Taco also asks for leave to amend its complaint to add the now-dismissed reply counterclaim allegations. (Doc. 62 at 9–10). Federal Rule of Civil Procedure 15(a)(2) directs that "a party may amend

its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015) (quoting Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003)). Taco seeks leave to amend almost a year into the lawsuit to add two claims about a second patent—the '614 Design Patent—that do not relate to its claims involving the '197 Patent. (Compare Doc. 1, with Doc. 49, and Doc. 54). Contrary to Taco's assertion, GEM's single reference to the '614 Design Patent in its Amended Counterclaim does not connect the '614 Design Patent to the other claims in the lawsuit. (See Doc. 53 ¶ 104). And Taco could have included these claims in its original or Amended Complaint but chose not to do so. There was no need for this delay nor is there any need now for Taco to resolve its claims related to the '614 Design Patent in this lawsuit, particularly when doing so would greatly expand the scope of the case and likely unduly delay it from progressing further.[4] See Haynes, 793 F.3d at 1250 ("A district court may find undue delay when the movant knew of facts supporting the new claim long

---

[4] The parties recently filed claim construction briefing for the '197 Patent, the outcome of which will impact the rest of the lawsuit. (See Docs. 64, 67–69).

6

before the movant requested leave to amend, and amendment would further delay the proceedings.") (citation omitted). The Court therefore exercises its discretion to deny Taco leave to amend to add the claims regarding the '614 Design Patent. The Court makes no determination about the sufficiency of Taco's '614 Design Patent allegations nor does it rule out that Taco could bring those claims in a separate lawsuit. Accordingly, it is hereby

ORDERED:

1.      Taco's Motion to Dismiss GEM's Amended Counterclaim on Inequitable Conduct (Doc. 55) is **DENIED**. Taco must file an Amended Answer no later than **November 17, 2022**.

2.      GEM's Motion to Strike and Dismiss Taco's Counter-Counterclaims (Doc. 60) is **GRANTED**. Taco's Counterclaim (Doc. 54) is **DISMISSED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida the 26th day of October, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

ksm
Copies:

Counsel of record

7